## AUTOMATIC STRAPPING MACH. CO. v. TWISTED WIRE & STEEL CO. et al.

(Supreme Court, Special Term, New York County. June 2, 1913.)

1. CONTRACTS (§ 333\*)—CONSTRUCTION—RIGHTS ACQUIRED BY THIRD PERSONS.

   Allegations that plaintiff, who was engaged in manufacturing a machine for strapping boxes and in selling box straps, contracted with defendant for such straps as should be necessary to fill orders obtained by plaintiff, with a provision that defendant was to supply a strapping machine to every one of its customers who should order straps exceeding $150, alleging performance, and defendant's breach of contract in receiving orders in excess of $150 and failing to supply strapping machines to such customers, to plaintiff's damage, stated a good cause of action against defendant and its successor, though it was not alleged that defendant agreed to purchase strapping machines from plaintiff.

   [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1196, 1640–1657, 1659; Dec. Dig. § 333.\*]

2. DAMAGES (§ 159\*)—PROOF—MEASURE OF DAMAGES—BREACH OF CONTRACT.

   Upon a complaint alleging a legal promise by defendant to plaintiff and a breach thereof, any damages within the contemplation of the parties can be proved at the trial.

   [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 429–438, 440–444, 447, 449–453; Dec. Dig. § 159.\*]

3. PLEADING (§ 8\*)—CONCLUSIONS OF LAW.

   An allegation that the contract sued on was binding upon the parties, their successors and assigns, and that one of the parties defendant succeeded to the interests of the other and assumed all its liabilities, was not a conclusion of law, but a statement of an ultimate fact, bringing the successor within the terms of such contract, since it was not necessary for the plaintiff to allege the evidence by which such facts were to be established.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½, 68; Dec. Dig. § 8.\*]

4. ACTION (§ 50\*)—JOINDER—PARTIES.

   Under Code Civ. Proc. § 454, providing that two or more persons severally liable upon the same written instrument may all or any of them be included as defendants in the same action, at the option of plaintiff, the liability of a successor of the original defendant is a liability as such under the original contract, so that they were properly joined as defendants.

   [Ed. Note.—For other cases, see Action, Cent. Dig. §§ 511–547; Dec. Dig. § 50.\*]

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by the Automatic Strapping Machine Company against the Twisted Wire & Steel Company and the Twisted Wire Box Strap Company. Demurrers of the several defendants overruled, with leave to plead over; otherwise, judgment granted for plaintiff.

Charles A. Taussig, of New York City, for plaintiff.

Feldblum, Reizenstein & Levison, of Brooklyn, for defendants.

PAGE, J.   This action is brought by the plaintiff, Automatic Strapping Machine Company, against the Twisted Wire & Steel Company and the Twisted Wire Box Strap Company, to recover damages for an alleged breach of contract.   The contract in suit was made with the Twisted Wire Box Strap Company, and the plaintiff is suing the Twisted Wire & Steel Company as the successor of the original contractor.   Both defendants have demurred to the complaint on the grounds that causes of action have been improperly united and that the complaint does not state facts sufficient to constitute a cause of action.   Separate motions for judgment on the pleadings have been made by each defendant, and a separate motion has been made by the plaintiff for judgment on the demurrer of each defendant, making four motions in all.   They have been consolidated by consent and heard as a single motion.

[1-3] The plaintiff is engaged in manufacturing a machine for strapping boxes and in selling box straps.   The contract upon which the plaintiff is suing is annexed to the complaint, and fixes and determines the rights of the parties.   By its terms the defendants agreed to supply to the plaintiff at a scheduled price all such wire box straps as shall be necessary to fill the orders which may be secured by the plaintiff, upon which the defendants agreed to pay the plaintiff commissions at a stated rate.   The contract contains a further provision that:

"The party of the first part [the defendant] agrees to supply one automatic strapping machine to every one of its customers who shall send in orders of which the sum shall reach the amount of one hundred and fifty dollars ($150) worth of strap; and if the orders should amount to a sum which is a multiple of one hundred and fifty dollars ($150) an additional machine shall be placed for each additional one hundred and fifty dollars' worth of strap so sold by the party of the first part."

There was also a covenant upon the part of the plaintiff to sell the box strap manufactured by the defendants and no other, and there were other provisions immaterial to the questions here involved.   The complaint alleges that the plaintiff has duly performed all the terms and conditions on its part to be performed, and that the defendants have broken the contract in that they have received from their customers orders in excess of $150 and multiples thereof, and have failed to supply strapping machines to them, as provided in the agreement, all to the plaintiff's damage in the sum of $3,000.   It is claimed that the complaint fails to state a cause of action, in that it nowhere appears in the contract that the defendants agreed to purchase strapping machines from the plaintiff.

I am of the opinion that such an allegation in the complaint or such a term in the contract is unnecessary to complete the plaintiff's cause of action.   If the defendant promised the plaintiff, upon good consideration, to supply strapping machines to third parties under given conditions and it failed to keep its engagement so to do, a cause of action

for breach of that promise immediately arose, whether the defendant engaged to purchase the said machines from the plaintiff or not. If there was no engagement to purchase the machines from the plaintiff, it might well be that the plaintiff could prove no damages at the trial and could recover nothing. On the other hand, the plaintiff might show that he was the sole manufacturer and seller of the machine which the defendant contracted to deliver, and that his damages were as alleged. The complaint shows a legal promise made by the defendant to the plaintiff and a breach thereof. Under these allegations any damages within the contemplation of the parties can be proved at the trial.

It is further claimed, on behalf of the defendant Twisted Wire & Steel Company, that it is not a party to the agreement in suit, and that no facts are stated in the complaint to show that it became liable thereon; the statements in paragraphs viii and ix being merely legal conclusions. Both the contract and the complaint state that the contract provided that it should be binding upon the parties thereto, their successors and assigns. Paragraph ix of the complaint states that:

"The defendant Twisted Wire & Steel Company succeeded to the business and interests of the said defendant Twisted Wire Box Strap Company and has assumed all of its assets and liabilities, including any liability theretofore incurred and subsequently to accrue upon said agreement. * * *"

This is not a conclusion of law, but a statement of an ultimate fact, which brings the said defendant within the terms of the contract and fixes its status and obligation thereunder as successor of the original party. It was not necessary for the plaintiff to state in its complaint the evidence by which this fact is to be established. I am of the opinion, therefore, that the complaint states a good cause of action against both defendants.

[4] The other ground of demurrer alleged, that there is a misjoinder of causes of action, is without foundation. Section 454 of the Code of Civil Procedure provides that:

"Two or more persons severally liable upon the same written instrument * * * may all or any of them be included as defendants in the same action at the option of the plaintiff."

The liability of the defendant Twisted Wire & Steel Company, if any, is as successor to the defendant Twisted Wire Box Strap Company under the contract. The fact that it may have assumed that liability and made itself the successor of the latter company by a collateral agreement of some kind with its predecessor is immaterial. Its obligation to the plaintiff is under the original contract and pursuant to its terms. The liability of these parties, if any, is upon the same written instrument, and they are properly joined as defendants in this action. The cases cited by the defendants of actions against principal and guarantor by a separate instrument have no application here.

The demurrers of the several defendants are overruled, and leave is granted to withdraw the demurrer and plead over within 10 days after notice of an entry of an order herein upon payment of $10 costs. If the defendants, or either of them, fail to withdraw the demurrers and plead over within the time herein specified, judgment will be granted for the plaintiff, with costs, including $10 costs of this motion.